**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VINCIN CAMPISE, | § <br> § <br> § |
| *Plaintiff*, | § <br> § |
| v. | §   CIVIL NO. 6:22-cv-1083-ADA-DTG <br> § |
| JUDGE BRYAN F. RUSS, <br> COURT COORDINATOR CARRIE VERZENSKI, <br> DISTRICT CLERK BARBARA AXTELL, <br> CHRISTOPHER SMITHERMAN, <br> HECTOR DAVILA, <br> BB&T TRUST BANK, and <br> DAVID CLEM, | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |
| *Defendants*. | § <br> § |

**REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are two motions by Plaintiff Mr. Vincin Campise: Motion for Trial Setting (ECF No. 50); and Motion to dismiss Defendants Defendant Judge Bryan F. Russ, Barbara Axtell and Carri Verzinski (allegedly misnamed as Carrie Verzenski), and to proceed to a Bench Trial against Defendants Hector Davila, Truist Bank, and Christopher Smitherman (ECF No. 51). After careful consideration of the briefs and prior holdings of the Court, the Court **RECOMMENDS** that the Motions be **DENIED**. The Court further **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE** and that the case be **CLOSED**.

## I.  BACKGROUND AND ANALYSIS

This is a suit brought by Plaintiff Mr. Vincin Campise for alleged civil rights violations under 42 U.S.C. § 1983. The Court discussed the factual background and legal issues in detail in its Report and Recommendations filed February 28, 2024. ECF No. 45 (Report & Recommendations).  In the Report & Recommendation, the Court recommended the Court grant ECF Nos. 25, 26, and 35, which were motions to dismiss by Defendant Judge Russ, the Robertson County District Clerk Defendants, and the Bank Defendants respectively. ECF No. 45 at 12. The Court further recommended that Plaintiff's claims against Christopher Smitherman be dismissed with prejudice. *Id.* Considering those recommendations, the Court further recommended that ECF No. 23 Motion for Consideration Declaratory Judgment by Vincin Campise; and ECF No. 24 Motion by Default Declaratory Judgment by Vincin Campise, be denied as moot. *Id.* The District Judge adopted the Recommendations. ECF No. 48 (Order Adopting Report and Recommendations). Because of the adopted Recommendations, the Court further mooted Plaintiff's motions, ECF No. 41, Motion to Expedite, and ECF No. 46, Motion for Leave to Proceed in forma pauperis. *See* Text Orders on March 25, 2024.

Given the rulings of the Court discussed above, no claims remain in this case. Plaintiff's motions for a trial setting and bench trial were filed after the above adjudication of the claims, and therefore are moot, and have been moot since they were filed. It is appropriate to **DISMISS** the case with prejudice and **CLOSE** the case.

## II.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that ECF No. 50 be **DENIED**.

It is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that ECF No. 51 be **DENIED**.

It is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that that the case be **DISMISSED WITH PREJUDICE**.

It is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that that the Clerk of Court **CLOSE** the case.

### III.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 8th day of August, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE